IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES EDWARD SURSSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-096 |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James Edward Sursson, III ("Plaintiff"), proceeding *pro se*, appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Based on claims of disability dating back to April 11, 2001, Plaintiff applied for DIB and SSI in May 2003.[1] Tr. ("R") 54-57, 1120-25. The Social Security Administration denied

---

[1] Plaintiff was insured for disability benefits through December 31, 2004. R. 16.

his claims initially and on reconsideration. R. 26-34, 1126-35. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 35. At the hearing Plaintiff, who was accompanied by a non-attorney representative, was given the opportunity, but was unable, to testify on his own behalf. R. 1142-47. Plaintiff's father also attended the hearing and testified, as did a vocational expert ("VE"). R. 1138, 1147-64. Thereafter, the ALJ issued an unfavorable decision dated August 15, 2005. R. 15-21. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's L5-S1 disc bulge; inguinal hernia repair; and bunions on his feet are "severe" impairments (20 C.F.R. §§ 404.1520(c) and 426.920(c)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, of Regulation No. 4.

4. The claimant is unable to perform any of his past relevant work (20 C.F.R. §§ 404.1565 and 416.965), but the claimant has the residual functional capacity to perform the full range of light work (20 C.F.R. §§ 404.1567 and 416.967).

5. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 202.21. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 20-21.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision. R. 6-8. Having failed to convince the AC to review his case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting that the case be remanded to the Commissioner

for further consideration. The Court resolves the matter as follows.

## II. **STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary

3

evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

At first glance Plaintiff appears to simply request a sentence six remand based on new evidence. However, upon closer inspection it becomes apparent that Plaintiff, who is proceeding *pro se* in this appeal, is also seeking a sentence four remand, as he asserts that the ALJ overlooked the medication he was taking and misapplied the Medical Vocational Guidelines (the "Grids") as they relate to his suitable employment. (Doc. no. 8). The Court therefore construes Plaintiff's appeal to be a request for a sentence four and a six remand and will address both issues in turn.[2]

---

[2] The distinction between a sentence four and a sentence six remand is important. The fourth sentence of 42 U.S.C. § 405(g) states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." However, when presented with new evidence that was submitted to the AC, a reviewing court may only consider whether the new evidence necessitates remand under sentence six of § 405(g); a reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998). Sentence six of § 405(g) authorizes

4

The crux of Plaintiff's sentence four argument revolves around the claim that the ALJ overlooked the medication that he took for his mental impairments and physical chronic pain and therefore erred in determining that he had the RFC for light work. According to Plaintiff he is "still totally disabled and unemployable." Id.

The Commissioner, on the other hand, proffers that the ALJ's decision was based on substantial evidence in the record and that the ALJ properly concluded that Plaintiff's allegations regarding his limitations were not credible. (Doc. no. 9). Therefore, the Commissioner argues that the ALJ properly concluded that Plaintiff has the residual functional capacity to perform the full range of light work. R. 20. Notably, the Commissioner ignores any arguments regarding Plaintiff's medication and does not address the issue in his brief.

## A.  Failure to Consider Side Effects of Plaintiff's Medication

An ALJ fails in his duty to develop fully the record when he does not make findings about the effect of prescribed medication on a claimant's ability to work. Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981); see also Lacy v. Barnhart, 309 F. Supp.2d 1345, 1352 (N.D. Ala. 2004) (reversing denial of benefits where, *inter alia*, ALJ "failed to consider the effects of the side effects of plaintiff's medication"). As the Eleventh Circuit has explained, "It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability." Cowart, 662 F.2d at 737. The court in Cowart

---

a reviewing court to remand a case for consideration of new evidence only if the evidence is material and only if good cause exists for the claimant's failure to submit the evidence at the prior administrative proceeding. Vega v. Commissioner of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001).

5

went to on to quote with approval the following language from a First Circuit case:

> The present record contains no medical evidence regarding whether appellant's medication was in "unusually large doses" or whether its side effects might conceivably be disabling. While appellant's claim might be exaggerated, a layman is in no position to make any such determination on this record. It would have been appropriate for the administrative law judge to have sought further medical evidence, or to have made some further inquiry, since appellant raised the question. At [the] very least, the administrative law judge should have made a finding on appellant's claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored.

Id. (internal citations omitted).

The Court recognizes that the ALJ in Cowart had a "special duty" to develop the record because the claimant was not represented at her administrative hearing.[3] 662 F.2d at 735. However, the court in Cowart also specifically stated that an ALJ has a basic obligation to develop a full and fair record, even if the claimant is represented by counsel. Id.; see also Miles v. Chater, 84 F.3d 1397, 1401 (11th Cir. 1996) (*per curiam*) (stating that ALJ is "duty-bound to develop a full and fair record"). As discussed below, the ALJ in this case did not discuss, let alone fully develop the record, concerning Plaintiff's medication.

The fact that Plaintiff had been prescribed medication for his physical pain and mental impairments is not in dispute. Plaintiff's disability report reveals that Plaintiff's list of medication included: Benadryl, Darvon, GABITAN, Motrin, Risperdal, and Zoloft. R. 127. The record is also replete with entries of Plaintiff requesting and receiving other medication and refills, such as Percocet, Sertraline, and a Fentanyl Patch. R. 516, 522, 592, 597, and 666. Moreover, the fact that Plaintiff was taking medication that may impact his

---

[3]The Court is aware that Plaintiff in this case was not represented at the hearing by an attorney, but rather by a non-attorney representative. R. 15.

ability to work was mentioned in Plaintiff's pre-hearing briefs, R. 162, 166, Plaintiff's Daily Living Questionnaires, R. 111, 116, 151, and by his father at the hearing, R. 1153.[4] Yet, nowhere does the ALJ mention in his opinion this extensive list of medication or discuss their possible effect on Plaintiff's ability to work.

Even though the record is unclear as to the effect of the medication on Plaintiff, the sheer amount and variety of medication prescribed to Plaintiff cannot be ignored. Similar to the court's reasoning in Cowart, the record in this case contains no medical evidence regarding whether Plaintiff's medication was in "unusually large doses" or whether its side effects might conceivably be disabling. Likewise, while Plaintiff's claim might be exaggerated, a layman is in no position to make any such determination on this record. That being said, the Court is in no way making a determination on the credibility nor on the merits of Plaintiff's allegation that he is disabled by his medication. The Court simply concludes that the record needs to be developed further concerning the effects that Plaintiff's medication has on him. In light of the quantity of medication reportedly taken by Plaintiff (Benadryl, Darvon, GABITAN, Motrin, Risperdal, Zoloft, Percocet, Sertraline, and a Fentanyl Patch), and the ALJ's failure to mention the medication or consider their potential side-effects, a sentence four remand is warranted solely on this issue.

---

[4] Those cites in the record alleging medication side effects are: (1) the two pre-hearing briefs that identified Plaintiff's pain medication and high dosages as an issue, R. 162, 166; (2) the "Daily Living Questionnaires" that claimed his current medication made him fatigued and drowsy - making it difficult for him to stay awake - as well as gave him headaches, blurred vision, and rapid heart rates, R. 111, 116, 151; and (3) when asked at the hearing if medication made Plaintiff drowsy, his father responded that sometimes it does. R. 1153.

7

## B. Remand for Consideration of New Evidence Not Warranted

Plaintiff also requests that the Court consider the "new evidence" submitted by Plaintiff that was "overlooked" by the ALJ. (Doc. no. 8). Notably, however, this evidence was never presented to the ALJ, as Plaintiff concedes that this new evidence consists of a report "completed on November 21, 2005, after the ALJ issued his opinion," by Plaintiff's treating physician, Dr. Kevin Murrell. Id. A reviewing court, when presented with new evidence that was never presented to the ALJ for review, may only consider whether the new evidence necessitates remand under sentence six of § 405(g); a reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994).

Sentence six of § 405(g) authorizes a reviewing court to remand a case for consideration of new evidence only if the evidence is material and only if good cause exists for the claimant's failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g). The Eleventh Circuit has explained the requirements for a claimant seeking remand for consideration of new evidence as follows:

> (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for the failure to submit the evidence at the administrative level.

Vega v. Commissioner of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) and Falge, 150 F.3d at 1323). The judicial determination regarding whether a remand is necessary is a *de novo* proceeding. Smith v.

8

Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

Dr. Murrell's report is, in essence, his retrospective opinion that Plaintiff has been totally unable to function for nine years. R. 447, 520, 580, 604-05, 669-70, 740, 742, 753-54. Plaintiff simply states that the Court should consider this new evidence because the ALJ overlooked all the medication he is taking, and did not appropriately consider them in assigning his RFC. Plaintiff does not even attempt to argue that there is good cause for his failure to submit the report to the ALJ, that the report is noncumulative, or that the report is material.

In contrast, the Commissioner contends, and the Court agrees, that there has been no showing, that Dr. Murrell's opinion could not have been obtained in time to present to the ALJ at the time of the hearing. First, the record is replete with Dr. Murrell's notes, as he has treated Plaintiff every three months for over two years. (Doc. no. 8). So, while the ALJ did not have Dr. Murrell's retrospective report, he did have all of Dr. Murrell's notes spanning an approximately two year time period. Accordingly, the new evidence proffered by Plaintiff is not new, nor is it noncumulataive.

Furthermore, "not every discovery of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." Caulder, 791 F.2d at 876 (quoting Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981)). While it is not necessary for a different administrative result to be "likely," the Court will not recommend remanding the case to the Commissioner for consideration of "new evidence" when there is no real possibility of a different outcome. Cf. Latham v. Shalala, 36 F.3d 482,

483 (5th Cir. 1994) (rejecting requirement that evidence would "likely" have changed result) (quoting Chaney, 659 F.2d at 679). Such is the case here.

As the Commissioner correctly notes, the evidence in the record that was before the ALJ, which includes treatment notes from Dr. Murrell, directly contradicts this most recent opinion of Dr. Murrell. For example, as noted by the Commissioner, although Dr. Murrell indicates Plaintiff has been unable to work since 1996, Plaintiff has actually worked sporadically through 2001. R. 83.

In sum, even if Plaintiff's "new evidence" was actually new and noncumulative, the Court is not persuaded that Dr. Murrell's report presents any realistic chance of a different administrative outcome in this case. Thus, remand pursuant to sentence six of 42 U.S.C. § 405(g) would not be appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that remand pursuant to sentence six of 42 U.S.C. § 405(g) is not warranted. However, as Plaintiff's medication and its possible side-effects have not been considered, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 9th day of July, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE